IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| COLIN COTTINGHAM, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:20-cv-01172 |
| v. | ) ) ) | |
| THE ULTIMATE SOFTWARE GROUP, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant The Ultimate Software Group, Inc. hereby removes this putative class action from the Circuit Court of McLean County, Illinois to the United States District Court for the Central District of Illinois, Peoria Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.      Overview of Claims Asserted and Relief Sought**

Ultimate Software is a Florida-based vendor of timekeeping technology and payroll services. Plaintiff Colin Collingham's vague Complaint asserts he used Ultimate Software's timekeeping technology to clock in and out from work at an unidentified employer, in a manner that violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq. See, e.g.*, Compl. ¶ 16, attached as part of Exhibit A.[1]

---

[1] Exhibit A is "a copy of all process, pleadings, and orders served" on Ultimate Software. *See* 28 U.S.C. § 1446(a).

Plaintiff appears to allege no fewer than six categories of violations under five different subparts of BIPA's Section 15. Compl. ¶ 41. Plaintiff alleges Ultimate Software failed to:

1) inform Plaintiff that his biometrics would be collected or stored (Section 15(b)(1));

2) inform Plaintiff of the specific purpose for which his biometrics were being collected, stored, and used (Section 15(b)(2));

3) inform Plaintiff of the length of time for which his biometrics were being collected, stored, and used (Section 15(b)(2));

4) obtain a written release from Plaintiff (Section 15(b)(3));

5) maintain a publicly available retention schedule regarding Plaintiff's biometrics (Section 15(a)); and

6) obtain informed consent prior to disclosing or re-disclosing Plaintiff's biometrics (Section 15(d)(1)). *Id.*

Plaintiff defines the putative class as follows:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, disseminated, or otherwise obtained by or on behalf of Defendant or its technology or equipment within the state of Illinois any time within the applicable limitations period.

*Id.* ¶ 24. Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each willful and/or reckless violation of BIPA[.]" *Id.* at 10.

## II. Removal is Proper under CAFA

This Court has jurisdiction under CAFA because this is a purported class action (*id.* at ¶¶ 10, 24) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions), 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"), and 1446 (permitting removal).

A. **Minimal Diversity Exists**

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff alleges he is a resident and citizen of Illinois. Compl. ¶ 12. Ultimate Software is a citizen of Delaware and Florida, because it is a Delaware corporation with its principal place of business in Florida. *See* 28 U.S.C. § 1332(c)(1) (deeming a corporation a citizen of both the state "where it has its principal place of business" and its state of incorporation); Declaration of Frank Satalino, ¶ 2 (Attached as Exhibit B). Accordingly, minimal diversity exists.

B. **Amount in Controversy Exceeds $5,000,000**

Here, on the face of Plaintiff's pleadings, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts six types of alleged violations, and seeks statutory damages of up to $5,000 for "each" violation (Compl. ¶ 41, Prayer), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). The Complaint also alleges that "there are at least hundreds" of members in the putative class. *Id*. ¶ 26. And Plaintiff's Motion for Class Certification similarly asserts there are "at least several hundred members" of the putative class. Mot. for Class Cert. at 5, attached as part of Exhibit A. Even 167 class members would yield a maximum amount in controversy in excess of the jurisdictional prerequisite for the six BIPA violations alleged (167 x $5,000 x 6 = $5,010,000).[2] Thus, as alleged, the amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89

---

[2] Even counting only the five BIPA sections identified in the Complaint, rather than the alleged violations, it would require 201 class members to exceed the jurisdictional amount (201 x $5,000 x 5 = $5,025,000).

(2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### III.  The Procedural Requirements for Removal Have Been Satisfied

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Ultimate Software was served on March 26, 2020. Ex. B ¶ 3. Counting forward 30 days comes to Saturday, April 25, 2020. That makes the deadline for removal Monday, April 27, 2020. FED. R. CIV. P. 6(a)(1)(C). Ultimate Software is the sole defendant, and therefore there are no other defendants whose consent would be necessary.

Ultimate Software is today timely filing this notice with the Circuit Court of McLean County, along with an executed copy of the Notice of Filing Notice of Removal. Ultimate Software is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated:  April 24, 2020

Respectfully submitted,

**THE ULTIMATE SOFTWARE GROUP, INC.**

By: */s/ Melissa A. Siebert*

Melissa A. Siebert (masiebert@shb.com)
Erin Bolan Hines (ehines@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

Colman D. McCarthy (cdmccarthy@shb.com)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 474-6550
Fax: (816) 421-5547

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I, Melissa A. Siebert, an attorney, hereby certify that on **April 24, 2020**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Colin Cottingham v. The Ultimate Software Group, Inc.*, Case No. 2020L0000031, in the Circuit Court of McLean County, addressed as follows:

>Andrew T. Heldut
>MCGUIRE LAW, P.C.
>55 W. Wacker Drive, 9th Fl.
>Chicago, IL  60601
>Tel: (312) 893-7002
>aheldut@mcgpc.m
>
>***Attorneys for Plaintiff***

                                              */s/ Melissa A. Siebert*