E-FILED
Friday, 24 April, 2020  02:34:55 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| McLean_____ COUNTY | | A FEE WILL BE DUE AT THE TIME OF FILING AN APPEARANCE OR ANSWER OR AS OTHERWISE DIRECTED BY THE COURT. YOUR FILING FEE WILL BE: $207.00 |

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | COLIN COTTINGHAM, on behalf of a class, | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | THE ULTIMATE SOFTWARE GROUP, INC<br>**Defendant / Respondent** *(First, middle, last name)* | 2020L0000031<br>**Case Number** |

---

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** **Information about the lawsuit:**<br>Amount claimed:  $_____ |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*:  Colin Cottingham<br>Street Address, Apt #:  55 West Wacker Drive, 9th Fl.<br>City, State, ZIP:  Chicago, Illinois, 60601<br>Telephone:  312 893 7002<br>☐ See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address.<br>If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last)*:  The Ultimate Software Group, Inc.<br>Street Address, Apt #:  2000 Ultimate Way<br>City, State, ZIP:  Weston, Florida 33326<br>Telephone:  800 432 1729<br>☒ See attached for additional Defendant/Respondent contact information<br><br>**ADVANCED CORPORATE AGENT SERVI**<br>**c/o The Ultimate Software Group, Inc.**<br>**100 N LaSalle, Ste 500**<br>**Chicago, Illinois 60602** |

| **Important Information for the person receiving this form:** | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br><br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here:<br>http://www.illinoiscourts.gov/forms/approved/default.asp<br><br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br>You should read all of the documents attached. |
|---|---|

Enter the Case Number given by the Circuit Clerk: <u>2020L0000031</u>

| | |
|---|---|
| In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response. | **4.**   **Instructions for person receiving this form (Defendant/Respondent):** |

To respond to this *Summons* you must:

☒ Go to court:

On this date: <u>07/01/2020</u>     at this time: <u>9:00</u>     ☒ a.m. ☐ p.m.

Address: <u>104 W. Front St.</u>     Court Room: <u>RM 511</u>

City, State, ZIP: <u>Bloomington, IL 61701</u>

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____     at this time: _____     ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☒ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____     at this time: _____     ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** <u>3/17/2020</u>     *Seal of Court* |

**Clerk of the Court:** *[signature]* /s/ Breanna Lojo

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.** |

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>McLean _____ COUNTY | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | COLIN COTTINGHAM, on behalf of a class, _____<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | THE ULTIMATE SOFTWARE GROUP, INC _____<br>**Defendant / Respondent** *(First, middle, last name)* | 2020L0000031 _____<br>**Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| **DO NOT** complete this section. The sheriff will complete it. |
|---|

My name is _____ and I swear under oath
        *First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
  Male: ☐ Female: ☐ Approx. Age: _____ Hair Color: _____
  Height: _____ Weight: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____
  And left it with: _____
      *First, Middle, Last*
  Male: ☐ Female: ☐ Approx. Age: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the
  above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
      *First, Middle, Last*
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2020L0000031

| **DO NOT** complete this section. The sheriff, or private process server will complete it. |
| --- |

**By:**

_____
*Signature*

_____
*Print Name*

**FEES**

By certified/registered    $ _____

Service and Return    $ _____

Miles: _____    $ _____

Total    $ _____

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## MCLEAN COUNTY, ILLINOIS

| | |
|---|---|
| COLIN COTTINGHAM, individually and on behalf of similarly situated individuals, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>THE ULTIMATE SOFTWARE GROUP, INC, a Delaware corporation, )<br><br>*Defendant.* ) | FILED<br>3/4/2020 11:17 AM<br>DONALD R. EVERHART, JR.<br>CLERK OF THE CIRCUIT COURT<br>MCLEAN COUNTY, ILLINOIS<br><br>No. **2020L0000031**<br><br>**FIRST CASE MANAGEMENT CONFERENCE**<br><br>~~XXX~~n. BEFORE JUDGE Lawrence<br><br>SET ON 7/1/20 at 9:00 am<br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff Colin Cottingham ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant The Ultimate Software Group, Inc ("Defendant"), for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.     This case concerns the misuse of individuals' biometrics by Defendant, a leading provider of payroll, timekeeping, and compliance services for businesses. Defendant also offers biometric timekeeping solutions, including the biometric system to which Plaintiff was subject.

3.     Using the biometric technology it provided to various businesses and employers, Defendant captured, stored, and disseminated the biometrics of Plaintiff and other Class members without their informed written consent as required by BIPA.

4.     BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

    a.  inform that person in writing that his/her biometrics will be collected or stored;

    b.  inform that person in writing of the specific purpose and the length of term for which such biometrics are being collected, stored and used; and

    c.  receive a written release from the person for the collection of their biometrics.

740 ILCS 14/15(b)(1)-(3).

5.     BIPA also requires private entities in possession of biometric information to develop a publicly available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 740 ILCS 14/15(a).

6.     Finally, private entities are prohibited from disseminating or re-disclosing biometric information without informed consent. 740 ILCS 14/15(d).

7.     Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

8.     BIPA's requirements bestow upon individuals in Illinois a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold their biometrics.

2

9.     Defendant's deprivation of Plaintiff's statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

10.     On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

11.     At all relevant times, Defendant The Ultimate Software Group, Inc., has been a Delaware corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. Defendant transacts business throughout Illinois and in McLean County, Illinois.

12.     At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and had his biometrics handled by Defendant in McLean County, Illinois.

## JURISDICTION AND VENUE

13.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within the state of Illinois and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

14.     Venue is proper in McLean County, Illinois, pursuant to 735 ILCS 5/2-101, because Defendant is doing business in McLean County, Illinois, and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in McLean County, Illinois.

3

### FACTS SPECIFIC TO PLAINTIFF

15.     Defendant is a leading provider of payroll, timekeeping, and compliance services for businesses, including biometric timekeeping services.

16.     Throughout Plaintiff's employment during the relevant time period, Plaintiff was required to scan his fingerprints and/or other biometrics into Defendant's biometric scanning technology each time he needed to "clock-in" and "clock-out" of a shift at work. Defendant deployed its biometric technology at Plaintiff's relevant worksite.

17.     Using its biometric technology, Defendant captured, collected, and otherwise obtained the biometric identifiers and related biometric information of Plaintiff and the Class members.

18.     Upon each biometric scan, Defendant receives either biometric identifiers, and/or portions or data derived therefrom, in some medium and format, in order to allow Defendant to provide employee management services to Plaintiff's employer, such as accurate payroll services.

19.     On information and belief, after capturing and storing Plaintiff's biometrics, Defendant disseminated the same to third party vendors for data storage and redundancy, and other purposes, without first obtaining Plaintiff's informed written consent.

20.     Prior to obtaining Plaintiff's biometric identifiers, or data derived therefrom, i.e. biometric information, Defendant did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated. Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics.

21.     Prior to obtaining Plaintiff's biometric identifiers, or portions or data derived therefrom (i.e. biometric information), during the process of obtaining same, and for an indefinite period following such collection or otherwise handling, Defendant did not make publicly available

4

any written policy as to a biometric retention schedule and guidelines for permanently destroying the collected biometrics.

22.     On information and belief, Defendant did not have a BIPA-compliant biometric data retention and destruction policy at the time it came into possession of Plaintiff's and other class members' biometrics, nor for the entire time it was in possession of the same.

23.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, disseminated, or otherwise obtained by or on behalf of Defendant or its technology or equipment within the state of Illinois any time within the applicable limitations period.

25.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

26.     Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

27.     Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff

5

and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

28.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

      a.     Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

      b.     Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

      c.     Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

      d.     Whether Defendant's conduct violates BIPA; and

      e.     Whether Plaintiff and the Class are entitled to damages and injunctive relief.

29.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

30.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and

have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

31.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,**
**(On behalf of Plaintiff and the Class)**

32.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33.     Defendant is a private entity under BIPA.

34.     BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before such entities may "collect, capture, purchase, receive through trade, or otherwise obtain" a person's or customer's biometric identifiers or biometric information. 740 ILCS 14/15(b).

35.     BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy establishing a retention schedule and guidelines for permanent deletion of biometric information before the possession and storage of the same. 740 ILCS 14/15(a).

36.     Additionally, BIPA requires that private entities obtain informed written consent before disseminating, disclosing, or redisclosing an individual's biometrics to any third parties.

37.     Plaintiff and the other Class members have had their biometric identifiers and associated biometric information collected, captured, or otherwise obtained by Defendant. Plaintiff

7

and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

38.     On each instance Plaintiff and the other Class members scanned their respective biometrics into Defendant's biometric devices and related technology, Defendant captured, collected, stored, or otherwise obtained Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with BIPA.

39.     In order to conduct payroll and other employee management services for Plaintiff's and the Class' respective employers, Defendant obtains and relies on biometric information that would not exist absent Defendant's capture, collection and storage of Plaintiff's biometric identifiers, and/or portions of information derived therefrom. This information allows Defendant, *inter alia*, to determine the identity, hours, and appropriate pay of a given worker, such as Plaintiff.

40.     In order to conduct payroll and other employee management services for Plaintiff's as discussed herein, Defendant necessarily, in some format or medium, stores biometric identifiers and/or biometric information, even if temporarily or momentarily.

41.     Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a.     Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.     Defendant failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

8

c. Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e. Defendant failed to maintain a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a) at all points it was in possession of Plaintiff and the class members' biometrics; and

f. Prior to, on information and belief, disclosing or re-disclosing Plaintiff's biometric identifiers and/or information to third parties for purposes such as payroll, data storage and redundancy, and other employee management purposes, Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

42. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

43. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

9

44.     Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

45.     With respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

     a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

     b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

     c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

     d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

     e.  Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

     f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

     g.  Awarding pre- and post-judgment interest, as allowable by law; and

     h.  Awarding such further and other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

10

Dated: March 3, 2020

Respectfully Submitted,

COLIN COTTINGHAM, individually and on
behalf of a class of similarly situated individuals

By:     /s/ Jad Sheikali
        *One of Plaintiff's Attorneys*

Jad Sheikali (ARDC #6324641)
Andrew T. Heldut (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jsheikali@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
MCLEAN COUNTY, ILLINOIS**

COLIN COTTINGHAM, individually and )
on behalf of similarly situated individuals, )     No. 2020L0000031
)
*Plaintiff*, )
)
)     Hon. Paul Lawrence
v. )
)     FILED
)     3/9/2020 10:53 PM
THE ULTIMATE SOFTWARE GROUP, )     DONALD R. EVERHART, JR.
INC., a Delaware corporation, )     CLERK OF THE CIRCUIT COURT
)     MCLEAN COUNTY, ILLINOIS
)
*Defendant*. )
_____ )

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY,
FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiff Colin Cottingham, by and through undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896–97 (7th Cir. 2011). In support of Plaintiff's Motion, Plaintiff submits the following Memorandum of Law.

Respectfully submitted,

Dated: March 9, 2020                By: /s/ Andrew T. Heldut

Jad Sheikali (ARDC #6324641)
Andrew T. Heldut (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002

i

jsheikali@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR**
**A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by The Ultimate Software Group, Inc. ("Defendant"). Defendant, a leading provider of payroll, timekeeping, and compliance services for businesses, including biometric timekeeping services, has violated Illinois law by capturing, collecting, storing, and using individuals' biometric information and identifiers without obtaining proper consent, by failing to provide such individuals with a retention schedule explaining how and when such biometric information will be used, stored, and destroyed, and by transmitting this information to third parties without the express consent of the plaintiff and the putative class.

After Plaintiff learned of Defendant's wrongful conduct, Plaintiff commenced suit on behalf of a class of similarly situated individuals to bring an end to the Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for all persons injured by its conduct.

## I.     INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints and palm scans; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶ 1.) In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain

1

and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) received a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5. (Compl., ¶ 4.)

## II.  FACTUAL BACKGROUND

### A.  The Underlying Misconduct.

Defendant has taken the biometrics of at least hundreds of individuals within the state of Illinois. (Compl., ¶ 26.) During the relevant time period in the state of Illinois, Defendant collected individuals' biometric information through its biometric timekeeping solutions provided to various businesses and employers, including the biometric system to which Plaintiff was subject. (Compl., ¶¶ 2, 3.) At Plaintiff's relevant worksite, Plaintiff was required to scan his fingerprints and/or other biometrics into Defendant's biometric scanning technology each time he needed to "clock-in" and "clock-out" of a shift at work. (Compl., ¶ 16.)  Each fingerprint and/or other biometric extracted by the Defendant is biologically unique to the particular individual. (Compl., ¶ 1.) Defendant continues to use its biometrics technology to capture, collect, and store Plaintiff's and other Class member's biometrics. (Compl., ¶ 3, 17, 37, 38.)

However, Defendant failed to obtain informed consent from the individuals prior to capturing and collecting their biometric information, Defendant failed to provide individuals with a retention schedule and deletion policies detailing how and when Defendant would retain and

destroy the individuals' biometric information and/or biometric identifiers and, finally, Defendant did not obtain consent to transmit or disseminate Plaintiff's biometrics to third parties. (Compl., ¶ 41.) On information and belief, Defendant does not have a policy of informing individuals, including Plaintiff, of what happens to their biometric information after it is collected and obtained, whether they still retain Plaintiff's biometrics, and if they do, for how long they intend to retain such information without Plaintiff's consent, whether the information is transmitted to a third party and, if so, which third party. *Id.* Despite its practice of taking the biometric information of every individual who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding collection of biometric identifiers and biometric information. (Compl., ¶ 42.)

## B.    The Proposed Class

Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, disseminated, or otherwise obtained by or on behalf of Defendant or its technology or equipment within the state of Illinois any time within the applicable limitations period.

(Compl., ¶ 24.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## III.    ARGUMENT

## A.    Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail

3

on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc*., 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)   The class is so numerous that joinder of all members is impracticable.
> (2)   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)   The representative parties will fairly and adequately protect the interest of the class.
> (4)   The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring

4

further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.      The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least several hundred members of the Class. (Compl., ¶ 26.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2

A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

## C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics; whether Defendant provided a written disclosure that explains the specific purposes, and the length of time,

for which their biometrics were being collected, stored and used before taking their biometrics; whether Defendant's conduct violates BIPA; whether Defendant's violations of the BIPA are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 28.) As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D.    Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, Plaintiff was subjected to Defendant's biometric timekeeping technology and that Defendant captured, collected, and stored Plaintiff's biometrics. Plaintiff has also alleged that Defendant did so without complying with the

BIPA's requirements. Plaintiff's pursuit of this matter against Defendant demonstrates that Plaintiff will be a zealous advocate for the Class. Furthermore, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

E.   **Fair and Efficient Adjudication of the Controversy**

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and

individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Plaintiff's attorneys as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Respectfully submitted,

Dated:  March 9, 2020                    By: /s/  Andrew T. Heldut

Jad Sheikali (ARDC #6324641)
Andrew T. Heldut (ARDC #6331542)

9

MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jsheikali@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**<u>CERTIFICATE OF FILING</u>**

The undersigned, an attorney, hereby certifies that on March 9, 2020, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.

<u>/s/ Andrew T. Heldut</u>