E-FILED
Tuesday, 15 December, 2020 11:31:55 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| COLIN COTTINGHAM, individually and on behalf of similarly situated individuals, | ) | |
| Plaintiff, | ) | No. 1:20-cv-01172-JES-JEH |
| v. | ) | Hon. James E. Shadid |
| THE ULTIMATE SOFTWARE GROUP, INC., a Delaware corporation, | ) | Magistrate Judge Jonathan E. Hawley |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO REMAND CLAIM UNDER 740 ILCS 14/15(a)**

Plaintiff Colin Cottingham ("Plaintiff"), individually and on behalf of similarly situated individuals, and pursuant to 28 U.S.C. § 1447(c), hereby respectfully moves for entry of an Order remanding his claim brought pursuant to 740 ILCS 14/15(a) to the Circuit Court of McLean County, Illinois.

## I. INTRODUCTION

On May 5, 2020, the United States Court of Appeals for the Seventh Circuit issued its decision in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (hereinafter "*Bryant*"), resolving an issue that had divided courts in this District for years: whether (and which) violations of the Illinois Biometric Privacy Act, 745 ILCS 14/15 *et seq.* ("BIPA"), are injuries sufficient to confer standing under Article III of the Constitution. *Bryant* held that the disclosure obligations created by 740 ILCS 14/15(a) of BIPA ("Section 15(a)") – which requires private entities possessing biometrics to establish a publicly-available biometric retention and destruction schedule – are owed to the public generally, rather to any particular person, and are not part of BIPA's "informed consent" regime. Accordingly, the Seventh Circuit held that the plaintiff in

*Bryant* did not suffer a concrete and particularized injury as a result of the defendant's violation of Section 15(a), and thus lacked Article III standing to pursue that claim in federal court. On June 30, 2020, the Seventh Circuit modified its decision, but maintained its holding that an alleged failure to develop and make publicly available a written retention policy, standing alone, does not confer Article III standing. *Bryant*, 958 F.3d at 626 (as modified).

On November 17, 2020, the Seventh Circuit again addressed Section 15(a) standing issues in *Fox v. Dakkota Integrated Sys., LLC*, No. 20-2782, __ F.3d __, 2020 WL 6738112 (7th Cir. Nov. 17, 2020) (hereinafter "*Fox*"). There, the plaintiff alleged not only that the defendant had failed to establish a publicly-available retention and destruction policy, she also alleged the defendant violated Section 15(a)'s second provision, which sets temporal limits for retaining biometric data. In contrast to Section 15(a)'s first provision, the Seventh Circuit held that a defendant's unlawful retention of biometric data beyond Section 15(a)'s express limits does constitute an injury sufficient to confer Article III standing.

Here, Plaintiff seeks relief only under Section 15(a)'s first provision, and does not allege that Defendant UKG Inc., formerly known as The Ultimate Software Group, Inc., ("Defendant"), has failed to delete or otherwise unlawfully retained his biometric data. Thus, under both *Bryant* and *Fox*, Plaintiff lacks Article III standing to pursue his Section 15(a) claim in this Court. Accordingly, because Defendant removed this case from the Circuit Court of McLean County, Illinois, the Court should sever and remand Plaintiff's Section 15(a) claim to that court as a matter of law.

## II. PROCEDURAL HISTORY

Plaintiff initiated this action in the Circuit Court of McLean County, Illinois on March 4, 2020, alleging that Defendant violated three separate BIPA subsections: (1) Section 15(a), which

requires, among other things, that private entities in possession of biometric information establish a publicly-available biometric data retention and destruction policy; (2) 740 ILCS 14/15(b), which requires private entities collecting biometric data to make certain disclosures and obtain the subject's informed consent to collection; and (3) 740 ILCS 14/15(d), which prohibits private entities from disclosing an individual's biometric data without their consent. On April 24, 2020, Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). (Dkt. 1).

## III. LEGAL STANDARD

If, in a removed case, a district court finds that it lacks subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994). Article III standing is a threshold element of federal subject matter jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Thus, if at any time Article III standing is lacking over a removed claim, the appropriate disposition is to remand that claim to the originating state court. *See* 28 U.S.C. § 1447(c); *Collier*, 889 F.3d at 897; *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

## IV. UNDER *BRYANT* AND *FOX*, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S SECTION 15(a) CLAIM.

In this case, Plaintiff alleges that Defendant violated Section 15(a) by failing to establish a publicly-available biometric retention and destruction schedule. (Complaint, Dkt. 1-1, ¶¶ 21, 22, 41(e)). In *Bryant*, the plaintiff's allegations were the same: that the defendant violated Section 15(a) by "possessing the Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information." (*See Bryant v. Compass Group, Inc.*, No. 19-cv-06622, Complaint, Dkt. 1-1 (N.D. Ill.), attached

hereto as Exhibit A, ¶ 52). The Seventh Circuit determined this alleged violation of Section 15(a)'s first provision insufficient to confer Article III standing:

> Bryant alleged only a claim under the provision of [Section 15(a)] requiring development of a "written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information,'' *not under the provision requiring compliance with the established retention schedule and destruction guidelines* . . . This provision is not part of the informed-consent regime, and Bryant alleges no particularized harm that resulted from Compass's violation of section 15(a) . . . We conclude that Bryant did not suffer a concrete and particularized injury as a result of Compass's violation of section 15(a).

*Bryant*, 958 F.3d at 626 (7th Cir. 2020) (emphasis added).

*Fox* did not disturb *Bryant*'s holding that a violation of Section 15(a)'s first provision is insufficient to confer standing. *Fox*, instead, addressed allegations under Section 15(a)'s second provision, including that the defendant had unlawfully retained the plaintiff's biometric data beyond Section 15(a)'s express limits. 2020 WL 6738112, at *1 ("Unlike in *Bryant*, Fox's section 15(a) claim does not allege a mere procedural failure to publicly disclose a data-retention policy. Rather, Fox alleges a concrete and particularized invasion of her privacy interest in her biometric data stemming from Dakkota's violation of the full panoply of its section 15(a) duties—the duties to develop, publicly disclose, and *comply with* data retention and destruction policies—resulting in the wrongful retention of her biometric data after her employment ended, beyond the time authorized by law") (emphasis in original). Importantly, the *Fox* plaintiff explicitly alleged that the defendant in that case failed to comply with *both* provisions of Section 15(a), and would not delete her biometrics within Section 15(a)'s express temporal limits. (*See Fox v. Dakkota Integrated Sys.*, No. 19-cv-02872, Complaint, Dkt. 1-1 (N.D. Ill.), attached hereto as Exhibit B, ¶¶ 69-75). The Seventh Circuit held this "unlawful retention" of Fox's biometric data to be a concrete

and particularized "privacy injury" sufficient to confer standing, similar to an unlawful collection of biometrics under 740 ILCS 14/15(b). *Fox*, 2020 WL 6738112, at *7.

Here, Plaintiff – like the *Bryant* plaintiff, and unlike the *Fox* plaintiff – alleges only that Defendant failed to develop a publicly-available retention and destruction policy as required by Section 15(a). (Complaint, Dkt. 1-1, ¶¶ 21, 22, 41(e)). Unlike the *Fox* plaintiff, nowhere does Plaintiff allege that Defendant failed to comply with Section 15(a)'s deletion requirements or unlawfully retained his biometrics beyond Section 15(a)'s express limits; to the contrary, his allegations contemplate that Defendant has in fact deleted his biometric data. (*Id.*, ¶¶ 22, 41(e) (alleging Defendant's failure to establish a publicly-available policy "for the entire time" Defendant "was" in possession of Plaintiff's biometrics)). Nor does Plaintiff allege that Defendant's failure to establish a Section 15(a) policy resulted in the unlawful sharing of his biometric data, as was the case in *Fox*. 2020 WL 6287408, at *6; (Ex. B, ¶ 37).

Courts in this Circuit have consistently held that Article III standing does not exist for Section 15(a) claims where the plaintiff does not allege unlawful retention or some other adverse harm beyond a violation of Section 15(a)'s first provision. *See, e.g.*, *Marquez v. Google LLC*, No. 20-cv-4454, 2020 WL 6287408, at *2 (N.D. Ill. Oct. 27, 2020) (remanding Section 15(a) claim under *Bryant* where the plaintiff alleged the defendant failed to "provide a publicly available written policy regarding its schedule and guidance for the retention and permanent destruction of individuals' biometrics"); *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 20-cv-00046, 2020 WL 4815960, at *7 (S.D. Ill. Aug. 19, 2020); *Snider v. Heartland Beef, Inc.*, No. 20-cv-04026, 2020 WL 4880163, at *3 (C.D. Ill. Aug. 14, 2020) (Darrow, J.) ("[L]ike the plaintiff in *Bryant*, Snider is merely challenging Heartland's failure to create and publish a retention and destruction policy under section 15(a)").

In sum, because Plaintiff seeks relief only under the first provision of Section 15(a) and does not allege that Defendant unlawfully retained his biometrics, he lacks Article III standing to pursue his Section 15(a) claim in this Court. As a result, this Court is deprived of subject matter jurisdiction over Plaintiff's Section 15(a) claim, because a federal court has subject matter jurisdiction over a claim only if the plaintiff has Article III standing to bring it. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019) ("The decision that plaintiffs lacked Article III standing is one of jurisdictional significance: it means that the court has no authority to resolve the case").

## V. THIS COURT'S LACK OF SUBJECT MATTER JURISDICTION REQUIRES REMAND OF PLAINTIFF'S SECTION 15(a) CLAIM TO THE CIRCUIT COURT OF MCLEAN COUNTY, ILLINOIS.

Though he cannot proceed with his Section 15(a) claim in this Court, Plaintiff is not precluded from pursuing that claim in the Circuit Court of McLean County, Illinois, where this case was initially filed. Indeed, the Illinois Supreme Court has held that Illinois courts are "not required to follow federal law on issues of standing, and ha[ve] expressly rejected federal principles of standing." *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n.4 (Ill. 2010); *Greer v. Ill Hous. Dev. Auth.*, 524 N.E.2d 561, 574 ("[T]o the extent that the State law of standing varies from Federal law, it tends to vary in the direction of greater liberality.").

Consequently, Plaintiff's Section 15(a) claim must be remanded to the Circuit Court of McLean County, Illinois – the court from which this case was removed – because where a district court lacks subject matter jurisdiction over a removed claim, the only authorized result is remand to the originating state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded"); *Collier*, 889 F.3d at 897 (7th Cir. 2018) ("[Section] 1447(c) required the district court to remand this case to

state court, because it does not satisfy Article III's requirements"); *Bergquist*, 592 F.3d at 819 (where some parts of a removed case are within federal jurisdiction and others are not, partial remand is appropriate). This Court may safely follow the numerous district courts in this Circuit which have severed and remanded removed Section 15(a) claims for lack of Article III standing. *See, e.g.*, *Marquez*, 2020 WL 6287408, at *3; *Burlinski v. Top Golf USA Inc.*, No. 19-cv-06700, 2020 WL 5253150, at *4 (N.D. Ill. Sept. 3, 2020) ("[B]ecause there is no Article III jurisdiction over the Section 15(a) claims, it makes sense to sever and remand those claims back to state court, as the Plaintiffs have requested"); *Stauffer*, 2020 WL 4815960, at *8 (S.D. Ill. Aug. 19, 2020) ("Plaintiff does not have Article III standing for her Section 15(a) claims . . . [those claims] are remanded to the Twentieth Judicial Circuit, St. Clair County, Illinois"); *Kloss v. Acuant, Inc.*, No. 19-cv-6353, 2020 WL 2571901, at *2 (N.D. Ill. May 21, 2020) ("Applying the *Bryant* Court's holding, we conclude that we lack subject-matter jurisdiction over [plaintiff's] Section 15(a) claims . . . . The Court accordingly severs and remands [plaintiff's] claims under Section 15(a) back to state court for lack of subject-matter jurisdiction").

## VI. CONCLUSION

For the foregoing reasons, Plaintiff Colin Cottingham respectfully requests that the Court enter an Order: (i) remanding Plaintiff's claim under 740 ILCS 14/15(a) to the Circuit Court of McLean County, Illinois; and (ii) for such other and further relief the Court deems reasonable and just.

Dated: December 15, 2020

Respectfully submitted,

COLIN COTTINGHAM, individually and on behalf of similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 15, 2020, I caused the foregoing *Plaintiff's Motion to Remand Claim Under 740 ILCS 14/15(a)* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Timothy P. Kingsbury